IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MALAIKA FLOYD, an individual; and K. P., a minor, by and through her mother and next friend, MALAIKA FLOYD; | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 2:19-cv-434-ECM ) (WO) |
| VCP BRIDGE KROFT, LLC; HAMMOND RESIDENTIAL GROUP, INC., VARDEN CAPITAL PROPERTIES, LLC, and ELITE STREET CAPITAL BRIDGE CROFT EQUITY DE, LP, | ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is the Plaintiffs' motion to remand (doc. 19), filed on July 18, 2019. Defendants VCP Bridge Kroft, LLC, Hammond Residential Group, Inc., and Varden Capital Properties, LLC filed their response (doc. 21) on August 5, 2019 and the Plaintiffs filed a reply (doc. 30-1) on August 13, 2019. For the reasons set forth below, the Court concludes that the Plaintiff's motion for remand is due to be GRANTED.

I. **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On March 10, 2019, the Plaintiffs filed their initial complaint in the Circuit Court of Montgomery County, a county within the Middle District of Alabama. The

original complaint named VCP Bridge Kroft, LLC ("VCP") and Hammond Residential Group, Inc. ("Hammond") as defendants, along with sixteen fictitious parites, as allowed by Alabama Rule of Civil Procedure 9(h). The Plaintiffs noted in the original complaint that the fictitious defendants described therein, whose true names were unknown to the Plaintiffs at the time of filing, would be added by amendment when the true names of the parties were ascertained.

The Plaintiffs amended their complaint on March 27, 2019, and again on April 9, 2019, to add defendants Varden Capital Properties, LLC, ("Varden") and Lincoln Apartment Management Limited Partnership ("Lincoln")[1]. As of the filing of the second amended complaint, the Plaintiffs were citizens of the state of Alabama for the purposes of diversity jurisdiction. Defendants VCP, Hammond, and Varden were citizens of other states, but defendant Lincoln was a citizen of the state of Alabama. As a result, there was not complete diversity among the parties and the case was not removable to federal court.

After learning from counsel for the Defendants that "Lincoln Apartment Management Limited Partnership" was not the correct name of the property management company at the time of the incident made basis of the complaint, the Plaintiffs filed a motion on May 29, 2019, to dismiss Lincoln as a defendant and

---

[1] Lincoln was added as a defendant in the first amended complaint as "Lincoln Property Management, LLC", then renamed "Lincoln Apartment Management Limited Partnership" in the second amended complaint.

2

contemporaneously filed a third amended complaint naming Elite Street Capital Bridge Croft Equity DE, LP ("Elite Street") as a defendant. Elite Street is a Delaware corporation for the purposes of diversity jurisdiction, therefore, after Lincoln was dismissed from the action and Elite Street was added, complete diversity of citizenship was achieved and the case became removable to federal court pursuant to 18 U.S.C. § 1446(b)(3).

Elite Street was served with process on May 31, 2019. Subsequently, defendants VCP, Hammond, and Varden ("Consented Defendants") filed a notice of removal (doc. 1) with this Court on June 20, 2019, alleging that Elite Street was not properly joined as a defendant in the third amended complaint. The Consented Defendants attached as exhibits to their notice the original, amended, second amended, and third amended complaints, along with the state court record. The Consented Defendants answered the third amended complaint in federal court on the same day. (Docs. 2, 3, and 4). Elite Street, however, answered the third amended complaint in state court on June 28, 2019.

The Plaintiffs filed their motion to remand (doc. 19) on July 18, 2019, arguing that the removal was procedurally defective pursuant to 18 U.S.C. 1446(b)(2)(A) because Elite Street had not consented to the removal. The Consented Defendants responded to the motion on August 5, 2019 (doc. 21), alleging that Elite Street had been improperly substituted as a party in the third amended complaint and, as a

result, Elite Street's consent was not required to remove this action to federal court. Plaintiffs replied on August 13, 2019 (doc. 30-1), arguing that Alabama's fictitious party practice allowed the Plaintiffs to substitute additional defendants when the proper names of those defendants became known to the Plaintiffs.

## II.  STANDARD OF REVIEW

**A. Removal Generally**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Accordingly, these courts only have the power to hear cases over which the Constitution or Congress has given them authority. *See Kokkonen*, 511 U.S. at 377. Congress has empowered the federal courts to hear cases removed by a defendant from state to federal court if the plaintiff could have brought the claims in federal court originally. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts may exercise diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). However, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

## B. Removal Under § 1446(b)(3)

The Consented Defendants removed this action under the subsection of § 1446 that reopens the removal period for thirty days when the defendant receives a document "from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). The procedure for removal under § 1446(b)(3) is governed by *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), *overruled on other grounds by Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also Sallee v. Ford Motor Co.*, No. 2:13-CV-806, 2014 WL 1492874, at *4–5 (M.D. Ala. 2014) (relying on *Lowery* to explain the procedure governing § 1446(b)(3) removals); *Erby v. Pilgrim's Pride*, No. 2:16-CV-0497, 2016 WL 3548792, at *7 (N.D. Ala. 2016) (finding that *Lowery* remains "the binding framework for removing under § 1446(b)(3)").

Where a plaintiff timely challenges the propriety of removal under § 1446(b)(3), as the Plaintiffs have done here, a defendant must "unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1213; *see also Advantage Med. Elecs, LLC v. Mid-Continent Cas. Co.*, No. 14-0045, 2014 WL 1764483, at *5 (S.D. Ala. 2014) ("*Lowery's* unambiguously establish burden replaces [the preponderance-of-the-evidence] burden when a plaintiff challenges the procedural propriety of a removal under [§ 1446(b)(3)] by . . . timely moving to remand under § 1447(c)" (citation and internal quotation marks omitted)).

The district court must "review the propriety of removal on the basis of the removing documents." *Lowery*, 483 F.3d at 1211. Removing documents include "all documents before the court when it reviews the propriety of removal" that are relevant to making such assessments. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 n.28 (11th Cir. 2010) (citing *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). If this evidence is insufficient to establish proper removal and jurisdiction, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery*, 483 F.3d at 1214–15.

### III. DISCUSSION

#### A. The Parties' Positions

The Plaintiffs move for remand on the basis that the Consented Defendants' notice of removal is procedurally defective because Defendant Elite Street did not join in the removal of this action. Relying on the "rule of unanimity," where "all defendants who have been properly joined and served must join in or consent to the removal of the action," the Plaintiffs assert that Elite Street's failure to consent to the removal of this action deprives this Court of jurisdiction. 28 U.S.C. § 1446(c); *see also Bailey v. Janssen Pharmaceutica, Inc.,* 536 F.3d 1202, 1207 (11th Cir. 2008) ("The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective."). The Plaintiffs contend that Elite Street was properly joined in the state court action because Alabama Rule of Civil

6

Procedure 9(h) allows fictitious party pleading, wherein a plaintiff may designate fictitious parties in the complaint and later amend the complaint to substitute the true party's name. Ala. R. Civ. P. 9(h). The Plaintiffs named fictitious parties in each of the initial, amended, second amended, and third amended complaints.

The Consented Defendants, on the other hand, argue that Elite Street was never properly joined as a party because, pursuant to Alabama Rule of Civil Procedure 21, which governs misjoinder issues, parties may only be dropped or added by an order of the court. Ala. R. Civ. P. 21. The Consented Defendants assert that the Plaintiffs improperly attempted to join Elite Street as a defendant by means of substituting Elite Street for Lincoln in the third amended complaint, without an order of the state court.[2] The Consented Defendants also argue that had it been properly joined, Elite Street would have consented to removal. This contention is supported by a consent to removal document signed by counsel for Elite Street on August 2, 2019, and attached as Exhibit A to the Consented Defendants' response to the Plaintiffs' motion to remand. (Doc. 21-1).

**B. Elite Street is a Proper Defendant in this Action**

The parties here focus on issues of joinder, substitution of parties, and fictitious party pleading under Rules 9 and 21 of the Alabama Rules of Civil Procedure. Ala.

---

[2] This argument is undermined by the fact that Elite Street filed an answer to the third amended complaint in the state court.

R. Civ. P 9(h) and 21. The issue of whether Elite Street was a proper defendant in the state court action at the time of removal, however, is a matter governed by Rule 15 of the Alabama Rules of Civil Procedure, which addresses amended and supplemental pleadings. Ala. R. Civ. P. 15. Rule 15 specifies that "unless a court has ordered otherwise, a party may amend a pleading *without leave of court* . . . at any time more than forty-two (42) days before the first setting of the case for trial . . . ." Ala. R. Civ. P. 15(a) (emphasis added). The state court docket attached as an exhibit to the Consented Defendants' notice of removal (doc. 1-5) shows that, as of the date of removal, this case had not been set for trial in state court. Therefore, the Plaintiffs could, without leave of court, amend their complaint to add or drop parties, as they did in the first, second, and third amended complaints.

The Plaintiffs filed their third amended complaint on May 29, 2019, dropping Lincoln as a defendant and adding Elite Street. At that time, consistent with Alabama state law, the third amended complaint became the operative complaint in the action, superseding any previously filed complaints. *See Holley v. St. Paul Fire & Marine Ins. Co.,* 396 So. 2d 75, 79 (Ala. 1981) (noting that once an amended pleading is interposed, the original pleading no longer performs any function); *see also Grayson v. Hanson,* 843 So. 2d 146, 149 (Ala. 2002) (holding that an amended complaint superseded the previously filed complaint and became the operative pleading.). No further court orders were necessary to join Elite Street as a defendant

and all other complaints were nullities. This Court finds that, at the time of removal, Elite Street was a proper defendant in the state court action and was therefore required to consent in the removal action.

**C. Unanimous Consent is not Present**

Pursuant to 18 U.S.C. 1446(b)(3), "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 18 U.S.C. § 1446(b)(3). The instant case became removable based on diversity jurisdiction upon the service of the Plaintiffs' third amended complaint, as complete diversity was achieved when Lincoln was dropped as a defendant and Elite Street was added.

"[T]he law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court." *Russell Corp. v. Am. Home Assurance Co.,* 264 F.3d 1040, 1049 (11th Cir. 2001). The unanimity rule "must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Id.* Because Elite Street was a proper defendant, it was required to consent to the removal of this action. In their response to the motion to remand (doc. 21), the Consented Defendants argue that had Elite Street been properly joined in state court, it would have consented to removal. However, Elite Street was served with process on May

31, 2019, but did not join in or consent to the notice of removal which was filed with this Court on June 20, 2019 (doc. 1). Instead, Elite Street answered the third amended complaint in state court on June 28, 2019, eight days after the case was removed.

Although the Consented Defendants assert that Elite Street would consent to removal, such consent is evidenced only by way of an exhibit attached to the Consented Defendants' response to the motion to remand (doc. 21-1), which was not filed until August 5, 2019.[3] Given that Elite Street was served with process on May 31, 2019, and should have been on notice that the case was removed, this purported consent, even if effective, was filed well beyond the thirty-day period in which a defendant may consent to removal. 18 U.S.C. § 1446(b)(2)(B); *see also Lowery,* 483 F.3d at 1212–13 ("Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for removal."); *see also Nathe v. Pottenberg,* 931 F. Supp. 822, 825 (M.D. Fla. 1995) ("To effect removal, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b)."). Because Elite Street has not timely consented, this Court finds that the removal is

---

[3] Notably, to date, Elite Street has not filed anything in this Court. Although Elite Street filed an answer in state court, the case had been removed eight days earlier, divesting the state court of jurisdiction. Accordingly, Elite Street has not properly appeared in this action.

procedurally defective.

**D. Defendants Have Not Unambiguously Established Federal Jurisdiction**

As *Lowery* mandates, a defendant must "unambiguously establish federal jurisdiction" to succeed in removing a case to federal court. *Lowery*, 483 F.3d at 1213. Construing the unanimous consent rule strictly, as this Court is required to, Elite Street's failure, as a properly named defendant, to timely consent to removal renders this Court without jurisdiction over this action. The Consented Defendants have failed to carry their burden to unambiguously establish that removal is proper and that this Court has jurisdiction over an action where not all defendants have consented to removal. Accordingly, it is

ORDERED that the Plaintiffs' motion to remand (doc. 19) is GRANTED.

This action is REMANDED to the Circuit Court of Montgomery County, Alabama. The Clerk of the Court is DIRECTED to take the appropriate steps to effectuate the remand.

DONE this 5th day of November, 2019.

                                                   /s/ Emily C. Marks  
                                        EMILY C. MARKS  
                                        CHIEF UNITED STATES DISTRICT JUDGE